IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEAN,

    Plaintiff,                         Civ. No. S-11-3372 KJM DAD (PS)

    vs.

                                      ORDER

GREG STERNQUIST, et al.,

    Defendants.

_____/

        Plaintiff, proceeding pro se, has filed an application for a temporary restraining order which says only that "since filing complaint Springleaf avoided SB 2923 and filed for unlawful detainer therefore your action is urgently needed."  ECF No. 3.  He has attached a copy of an order from Sacramento County Superior Court, dated December 28, 2011, granting a default judgment in an unlawful detainer against Frank Matjasich and all occupants, including tenants, of 420 Las Palmas, Sacramento; this is the address plaintiff lists on his pleadings. ECF No. 3 at 2.

        A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no

1

1 longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).  In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analyses for temporary restraining order and preliminary injunction "substantially identical").

It is impossible to determine whether plaintiff is likely to succeed on the merits of his underlying complaint.  That document says only that defendants have failed to honor his request to refinance and that the state does not enforce California Civil Code § 2923. 5.[1]  Plaintiff has presented only a brief statement about his attempts to contact the lender, not enough to determine whether he has a chance of succeeding on the merits of his claim.[2]

IT IS THEREFORE ORDERED that plaintiff's application for a temporary restraining order (ECF No. 3) is denied without prejudice.

DATED: January 9, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court assumes that plaintiff's reference to section 2923 is to California Civil Code § 2923.5, which imposes certain obligations on a lender or authorized agent before filing a notice of default.

[2] In addition, the complaint does not suggest that this court has jurisdiction, as it cannot determine whether there is diversity of citizenship.  The single claim does not appear to raise a federal question.

2