IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEAN,

        Plaintiff,                    No. 2:11-cv-3372 KJM DAD PS

       v.

GREG STERNQUIST;                FINDINGS AND RECOMMENDATIONS
SPRINGLEAF FIN, SVC,

        Defendants.

_____/

        This matter came before the court on February 17, 2012 for hearing of defendants' motion to dismiss and motion for a vexatious litigant order. Attorney Austin Kenny appeared telephonically on behalf of defendants. No appearance was made by or on behalf of plaintiff Michael Dean.[1] Oral argument was heard and the motions taken under submission.

        Plaintiff, proceeding pro se, commenced this action on December 20, 2011, by filing a complaint and a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. Nos. 1 & 2.) This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

---

[1] In addition to failing to appear at the hearing on defendants' motion to dismiss and motion for a vexatious litigant order, plaintiff also failed to file any opposition to those motions.

1

1  Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C.
2  § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis
3  status does not complete the inquiry required by the statute.  "'A district court may deny leave to
4  proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that
5  the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th
6  Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See
7  also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to
8  examine any application for leave to proceed in forma pauperis to determine whether the
9  proposed proceeding has merit and if it appears that the proceeding is without merit, the court is
10 bound to deny a motion seeking leave to proceed in forma pauperis.").  Moreover, the court must
11 dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or
12 if it is determined that the action is frivolous or malicious, fails to state a claim on which relief
13 may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. §
14 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.
15 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
16 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is
17 based on an indisputably meritless legal theory or where the factual contentions are clearly
18 baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

19 To state a claim on which relief may be granted, the plaintiff must allege "enough
20 facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550
21 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court
22 accepts as true the material allegations in the complaint and construes the allegations in the light
23 most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.
24 Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,
25 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
26 lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's filing is deficient in several respects.  First, plaintiff's one-page complaint, although certainly short, does not contain a plain statement of the grounds upon which the court's jurisdiction depends.  In this regard, plaintiff's complaint consist exclusively of vague and conclusory allegations, and is nearly incomprehensible.

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court.  <u>Morongo Band of Mission Indians v. Cal. State Bd. of Equalization</u>, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994); <u>Willy v. Coastal Corp.</u>, 503 U.S. 131, 136-37 (1992).[2]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" <u>Casey v. Lewis</u>, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  <u>Attorneys Trust v. Videotape Computer Prods., Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." <u>Dittman v. California</u>, 191 F.3d 1020, 1025 (9th Cir. 1999).  It

---

[2] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; <u>see</u> <u>also</u> <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 697-99 (1992).

is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Most federal-question jurisdiction cases are those in which federal law creates a cause of action. A case may also arise under federal law where 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)). The "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

/////

1    "'Arising under' federal jurisdiction only arises . . . when the federal law does
2 more than just shape a court's interpretation of state law; the federal law must be *at issue*." Int'l
3 Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009).  The mere
4 presence of a federal issue does not automatically confer federal-question jurisdiction, and
5 passing references to federal statutes do not create a substantial federal question.  Lippitt v.
6 Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion
7 Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996).  "When a claim can be supported by alternative and
8 independent theories – one of which is a state law theory and one of which is a federal law theory
9 – federal question jurisdiction does not attach because federal law is not a necessary element of
10 the claim."  Rains, 80 F.3d at 346.  See also Lippitt, 340 F.3d at 1043.  Here, plaintiff's
11 complaint does not contain any statement of the grounds upon which this court's jurisdiction
12 depends.

13    Moreover,  plaintiff's complaint does not state a cause of action or allege the
14 factual allegations underlying that cause of action.  As noted above, the allegations found in
15 plaintiff's complaint are nearly incomprehensible, and read as follows:

> On September (sic) 13, 2011 received notice of refinancing option
> by Springleaf fin .co contacted HUD agent OXANA HILL to
> procede (sic) with application and to contact Springleaf which they
> executed properly and mailed application of Michael Dean on Nov.
> 4 2011 ,no answer was given nor any reply on numerous contacts
> by Michael Dean another contact by HUD on dec.19 2011 was
> axecuted (sic) with no answer. State of California does not enforce
> State bill SB [2923&2923b] Due to time limitations with
> irreversible consequnces (sic) request for Springleaf fin.co to come
> to table is essential therefore Michael Dean prays for Protective
> Temporary Order until SPRINGLEAF COMES TO TABLE ..IN
> SACRAMENTO CA MICHAEL DEAN.

23 (Compl. (Doc. No. 1) at 1.)

24    Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
25 complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
26 state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

5

Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649. Under these standards, a complaint should state identifiable causes of action and allege facts that satisfy the elements of those causes of action both plainly and succinctly, alleging specific acts engaged in by the defendant that would support plaintiff's claim.

Accordingly, for the reasons cited above, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.[3]

The undersigned has carefully considered whether plaintiff may amend his pleading to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted above, the court finds that it would be futile to grant plaintiff leave to amend.

With respect to defendant's motion to declare plaintiff a vexatious litigant, the Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990) (discussing requirements, pursuant to the All Writs Act,  28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek

---

[3] In light of this recommendation the undersigned need not consider defendant's motion to dismiss.

permission from the court prior to filing any future suits).  See also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057-62 (9th Cir. 2007).

Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the Court may order the giving of security, bond, or undertaking, although the power of the court shall not be limited thereby."  California Code of Civil Procedure, Title 3A, part 2, commences with § 391 and defines a "vexatious litigant" as including those persons acting in propria persona who "repeatedly files unmeritorious motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay."  Cal. Code Civ. Proc. § 391(b)(3).  Under subsection (b)(4) a vexatious litigant is also a person acting in propria persona who has previously been declared to be a vexatious litigant by a state court in any action based upon substantially similar facts, transaction, or occurrence.

Pre-filing review orders, in which a complainant is required to obtain approval from a United States Magistrate or District Judge prior to filing a complaint, can appropriately be imposed in certain circumstances but "should rarely be filed."  DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir.1990).  See also Molski, 500 F.3d at 1057.  The court in DeLong articulated that the following four conditions must be met before the court enters a pre-filing review order: (1) plaintiff must be given adequate notice to oppose the order; (2) the court must provide an adequate record for review, listing the pleadings that led the court to conclude that a vexatious litigant order was warranted; (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored.  Id. at 1147-48.  See also Molski, 500 F.3d at 1057-58.

To make substantive findings of frivolousness, the district court needs to look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims.  In re Powell, 851 F.2d 427, 431 (9th Cir. 1988).  See also Moy v United States, 906 F.2d

467, 470 (9th Cir. 1990) (a pre-filing "injunction cannot issue merely upon a showing of litigiousness."). Absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's findings," a district court may not issue a pre-filing order. O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990).

Here, the court's records reflect that prior to filing this action plaintiff filed three prior federal civil actions that appear to arise from the same alleged events and involve at least some of the same claims by plaintiff against defendant Springleaf.[4]  In this regard, on April 18, 2011, plaintiff filed a complaint naming as a defendant Springleaf Financial Services in Michael Dean v. Springleaf Financial Services, Inc., No. CIV S-11-1037 FCD CKD.  That complaint was eventually dismissed for lack of subject matter jurisdiction.  On May 4, 2011, plaintiff filed another complaint naming as a defendant Springleaf Financial Services in Michael Dean v. Springleaf Financial Services, No. CIV S-11-1192 KJM CMK (TEMP) PS.  That matter was voluntarily dismissed by plaintiff prior to the appearance of any defendant.  Finally, on July 1, 2011, plaintiff filed another complaint naming as a defendant Springleaf Financial Services in Michael Dean v. Springleaf Financial Services Inc., No. CIV-S-11-1758-JAM-KJN-PS.  That action was eventually dismissed for failure to prosecute, as duplicative and for lack of subject matter jurisdiction.

Having reviewed these prior cases, it does not appear that a substantive findings of frivolousness as to plaintiff's claims against defendant Springleaf have been made by any judge of this district court.[5]  Accordingly, a pre-filing order at this time is not appropriate. See

---

[4] A court may take judicial notice of its own files and documents. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

[5] Although the assigned Magistrate Judge in Michael Dean v. Springleaf Financial Services Inc., No. CIV-S-11-1758-JAM-KJN-PS, recommended that the complaint in that action be dismissed on the alternative ground that it was duplicative of another action and thus frivolous, it does not appear that the assigned Magistrate Judge made a substantive finding of frivolousness as to the merit of plaintiff's claims against defendant Springleaf.

Smith v. Phoenix Technologies Ltd., No. 11-CV-01479-LHK, 2011 WL 5444700, at *8 (N.D. Cal. Nov. 9, 2011) ("As previously discussed, the Court finds Plaintiff's current complaint frivolous because it alleges facts, such as economic losses in the tens of millions of dollars, that are fanciful or clearly baseless. However, this is the first court to make a substantive finding of the frivolousness of Plaintiff's complaint based on a theory of strict products liability. The Court does not find this single finding of frivolousness sufficient justification for imposing the extreme remedy of a pre-filing order."); cf. Shalaby v. Bernzomatic, Civil No. 11cv68 AJB (POR), 2011 WL 4024800, at *11 (S.D. Cal. Sept. 9, 2011) (declining to issue pre-filing order despite plaintiff's "lengthy history"). But see Perry v. Veolia Transport, No. 11-CV-176-LAB-RBB, 2011 WL 4566449, at *10 (S.D. Cal. Sept. 30, 2011) ("The present complaint, as well as the previous state court actions, illustrate not only that Perry's suits are frivolous, but that they form a pattern of harassment."). Accordingly, the undersigned declines to recommend the imposition of a vexatious litigant order. See Molski, 500 F.3d at 1065 n. 8 (noting that a district court is under no obligation to issue a pre-filing order and "may exercise its sound discretion under the facts presented to choose any appropriate sanction . . . .")

However, the undersigned will make a substantive finding of frivolousness as to the complaint filed in this action. Although the allegations found in plaintiff's complaint are difficult to comprehend, it appears that defendant Springleaf's sole alleged transgression was mailing plaintiff a notice with respect to the possibility of refinancing his mortgage. Such allegations lack an arguable basis in law, are indisputably meritless and are thus frivolous. See Neitzke, 490 U.S. at 325-27; Franklin, 745 F.2d at 1227-28.

The court also cautions plaintiff that the filing of a future action against defendant Springleaf, or its employees, arising from the allegations at issue in this action, may result in an order declaring him to be a vexatious litigant and subjecting him to pre-filing limitations in the future.

/////

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's December 20, 2011 application to proceed in forma pauperis (Doc. No. 2) be denied;

2. Plaintiff's December 20, 2011 complaint be dismissed without leave to amend;

3. Defendant's January 10, 2012 motion to dismiss (Doc. No. 5) be denied as having been rendered moot if these findings and recommendations are adopted;

4. Defendant's January 10, 2012 motion for a vexatious litigant order (Doc. No. 5) be denied without prejudice; and

5. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 25, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\dean3372.ifpden.f&rs