1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL DEAN,

11          Plaintiff,                    No. 2:11-cv-3372 KJM DAD PS

12      v.

13   GREG STERNQUIST;                     FINDINGS AND RECOMMENDATIONS
     SPRINGLEAF FIN, SVC,
14

15          Defendants.

16   _____/

17          This matter came before the court on February 17, 2012 for hearing of defendants'

18   motion to dismiss and motion for a vexatious litigant order.  Attorney Austin Kenny appeared

19   telephonically on behalf of defendants.  No appearance was made by or on behalf of plaintiff

20   Michael Dean.[1]  Oral argument was heard and the motions taken under submission.

21          Plaintiff, proceeding pro se, commenced this action on December 20, 2011, by

22   filing a complaint and a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

23   (Doc. Nos. 1 & 2.)  This matter was referred to the undersigned in accordance with Local Rule

24   302(c)(21) and 28 U.S.C. § 636(b)(1).

25   _____

26          [1]  In addition to failing to appear at the hearing on defendants' motion to dismiss and
     motion for a vexatious litigant order, plaintiff also failed to file any opposition to those motions.

                                            1

1    Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C.

2  § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis

3  status does not complete the inquiry required by the statute.  "'A district court may deny leave to

4  proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

5  the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th

6  Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See

7  also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

8  examine any application for leave to proceed in forma pauperis to determine whether the

9  proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

10  bound to deny a motion seeking leave to proceed in forma pauperis.").  Moreover, the court must

11  dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or

12  if it is determined that the action is frivolous or malicious, fails to state a claim on which relief

13  may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. §

14  1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

15  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

16  (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is

17  based on an indisputably meritless legal theory or where the factual contentions are clearly

18  baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

19    To state a claim on which relief may be granted, the plaintiff must allege "enough

20  facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

21  U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

22  accepts as true the material allegations in the complaint and construes the allegations in the light

23  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

24  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

25  1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

26  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

2

1   true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>Western</u>

2   <u>Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

3        The minimum requirements for a civil complaint in federal court are as follows:

4        A pleading which sets forth a claim for relief . . . shall contain (1) a
       short and plain statement of the grounds upon which the court's

5        jurisdiction depends . . . , (2) a short and plain statement of the
       claim showing that the pleader is entitled to relief, and (3) a

6        demand for judgment for the relief the pleader seeks.

7   Fed. R. Civ. P. 8(a).

8        Here, plaintiff's filing is deficient in several respects.  First, plaintiff's one-page

9   complaint, although certainly short, does not contain a plain statement of the grounds upon which

10   the court's jurisdiction depends.  In this regard, plaintiff's complaint consist exclusively of vague

11   and conclusory allegations, and is nearly incomprehensible.

12        Jurisdiction is a threshold inquiry that must precede the adjudication of any case

13   before the district court.  <u>Morongo Band of Mission Indians v. Cal. State Bd. of Equalization</u>,

14   858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may

15   adjudicate only those cases authorized by federal law.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511

16   U.S. 375, 377 (1994); <u>Willy v. Coastal Corp.</u>, 503 U.S. 131, 136-37 (1992).[2]  "Federal courts are

17   presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"

18   <u>Casey v. Lewis</u>, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting <u>Bender v. Williamsport Area Sch.</u>

19   <u>Dist.</u>, 475 U.S. 534, 546 (1986)).

20        Lack of subject matter jurisdiction may be raised by the court at any time during

21   the proceedings.  <u>Attorneys Trust v. Videotape Computer Prods., Inc.</u>, 93 F.3d 593, 594-95 (9th

22   Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it]

23   has subject-matter jurisdiction." <u>Dittman v. California</u>, 191 F.3d 1020, 1025 (9th Cir. 1999).  It

24

25        [2] Congress has conferred jurisdiction upon the federal district courts as limited by the
26   United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; <u>see also</u> <u>Ankenbrandt v.</u>
<u>Richards</u>, 504 U.S. 689, 697-99 (1992).

1    is the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux

2    v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

3    cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

4              The burden of establishing jurisdiction rests upon plaintiff as the party asserting

5    jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)

6    (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

7    implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

8    within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)

9    (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

10   insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

11   jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

12   "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter

13   jurisdiction . . . and may be dismissed sua sponte before service of process.").

14             The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which

15   confer "federal question" and "diversity" jurisdiction, respectively.  Federal jurisdiction may also

16   be conferred by federal statutes regulating specific subject matter.  District courts have "original

17   jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

18   States."  28 U.S.C. § 1331.  "Most federal-question jurisdiction cases are those in which federal

19   law creates a cause of action.  A case may also arise under federal law where 'it appears that

20   some substantial, disputed question of federal law is a necessary element of one of the well-

21   pleaded state claims.'"  Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (quoting Franchise

22   Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)).  The

23   "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal

24   question is presented on the face of the plaintiff's properly pleaded complaint.  California v.

25   United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

26   /////

1               "'Arising under' federal jurisdiction only arises . . . when the federal law does

2  more than just shape a court's interpretation of state law; the federal law must be *at issue*." Int'l

3  Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009).  The mere

4  presence of a federal issue does not automatically confer federal-question jurisdiction, and

5  passing references to federal statutes do not create a substantial federal question.  Lippitt v.

6  Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion

7  Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996).  "When a claim can be supported by alternative and

8  independent theories – one of which is a state law theory and one of which is a federal law theory

9  – federal question jurisdiction does not attach because federal law is not a necessary element of

10  the claim." Rains, 80 F.3d at 346.  See also Lippitt, 340 F.3d at 1043.  Here, plaintiff's

11  complaint does not contain any statement of the grounds upon which this court's jurisdiction

12  depends.

13               Moreover,  plaintiff's complaint does not state a cause of action or allege the

14  factual allegations underlying that cause of action.  As noted above, the allegations found in

15  plaintiff's complaint are nearly incomprehensible, and read as follows:

16          On September (sic) 13, 2011 received notice of refinancing option
             by Springleaf fin .co contacted HUD agent OXANA HILL to
17          procede (sic) with application and to contact Springleaf which they
             executed properly and mailed application of Michael Dean on Nov.
18          4 2011 ,no answer was given nor any reply on numerous contacts
             by Michael Dean another contact by HUD on dec.19 2011 was
19          axecuted (sic) with no answer. State of California does not enforce
             State bill SB [2923&2923b] Due to time limitations with
20          irreversible consequences (sic) request for Springleaf fin.co to come
             to table is essential therefore Michael Dean prays for Protective
21          Temporary Order until SPRINGLEAF COMES TO TABLE ..IN
             SACRAMENTO CA MICHAEL DEAN.

22

23  (Compl. (Doc. No. 1) at 1.)

24               Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

25  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

26  state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.  Under these standards, a complaint should state identifiable causes of action and allege facts that satisfy the elements of those causes of action both plainly and succinctly, alleging specific acts engaged in by the defendant that would support plaintiff's claim.

Accordingly, for the reasons cited above, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.[3]

The undersigned has carefully considered whether plaintiff may amend his pleading to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted above, the court finds that it would be futile to grant plaintiff leave to amend.

With respect to defendant's motion to declare plaintiff a vexatious litigant, the Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990) (discussing requirements, pursuant to the All Writs Act,  28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek

---

[3]  In light of this recommendation the undersigned need not consider defendant's motion to dismiss.

6

1  permission from the court prior to filing any future suits).  See also Molski v. Evergreen Dynasty

2  Corp., 500 F.3d 1047, 1057-62 (9th Cir. 2007).

3          Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the

4  California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a

5  procedural rule of this Court on the basis of which the Court may order the giving of security,

6  bond, or undertaking, although the power of the court shall not be limited thereby."  California

7  Code of Civil Procedure, Title 3A, part 2, commences with § 391 and defines a "vexatious

8  litigant" as including those persons acting in propria persona who "repeatedly files unmeritorious

9  motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely

10  intended to cause unnecessary delay."  Cal. Code Civ. Proc. § 391(b)(3).  Under subsection (b)(4)

11  a vexatious litigant is also a person acting in propria persona who has previously been declared to

12  be a vexatious litigant by a state court in any action based upon substantially similar facts,

13  transaction, or occurrence.

14          Pre-filing review orders, in which a complainant is required to obtain approval

15  from a United States Magistrate or District Judge prior to filing a complaint, can appropriately be

16  imposed in certain circumstances but "should rarely be filed."  DeLong v. Hennessey, 912 F.2d

17  1144, 1147 (9th Cir.1990).  See also Molski, 500 F.3d at 1057.  The court in DeLong articulated

18  that the following four conditions must be met before the court enters a pre-filing review order:

19  (1) plaintiff must be given adequate notice to oppose the order; (2) the court must provide an

20  adequate record for review, listing the pleadings that led the court to conclude that a vexatious

21  litigant order was warranted; (3) the court must make substantive findings as to the frivolous or

22  harassing nature of the litigant's actions; and (4) the order must be narrowly tailored.  Id. at

23  1147-48.  See also Molski, 500 F.3d at 1057-58.

24          To make substantive findings of frivolousness, the district court needs to look at

25  "both the number and content of the filings as indicia" of the frivolousness of the litigant's

26  claims.  In re Powell, 851 F.2d 427, 431 (9th Cir. 1988).  See also Moy v United States, 906 F.2d

1   467, 470 (9th Cir. 1990) (a pre-filing "injunction cannot issue merely upon a showing of

2   litigiousness."). Absent "explicit substantive findings as to the frivolous or harassing nature of

3   the plaintiff's findings," a district court may not issue a pre-filing order.  O'Loughlin v. Doe, 920

4   F.2d 614, 618 (9th Cir. 1990).

5          Here, the court's records reflect that prior to filing this action plaintiff filed three

6   prior federal civil actions that appear to arise from the same alleged events and involve at least

7   some of the same claims by plaintiff against defendant Springleaf.[4]   In this regard, on April 18,

8   2011, plaintiff filed a complaint naming as a defendant Springleaf Financial Services in Michael

9   Dean v. Springleaf Financial Services, Inc., No. CIV S-11-1037 FCD CKD.  That complaint was

10  eventually dismissed for lack of subject matter jurisdiction.  On May 4, 2011, plaintiff filed

11  another complaint naming as a defendant Springleaf Financial Services in Michael Dean v.

12  Springleaf Financial Services, No. CIV S-11-1192 KJM CMK (TEMP) PS.  That matter was

13  voluntarily dismissed by plaintiff prior to the appearance of any defendant.  Finally, on July 1,

14  2011, plaintiff filed another complaint naming as a defendant Springleaf Financial Services in

15  Michael Dean v. Springleaf Financial Services Inc., No. CIV-S-11-1758-JAM-KJN-PS.  That

16  action was eventually dismissed for failure to prosecute, as duplicative and for lack of subject

17  matter jurisdiction.

18         Having reviewed these prior cases, it does not appear that a substantive findings

19  of frivolousness as to plaintiff's claims against defendant Springleaf have been made by any

20  judge of this district court.[5]  Accordingly, a pre-filing order at this time is not appropriate.  See

21

22      [4] A court may take judicial notice of its own files and documents.  See Reyn's Pasta
    Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); MGIC Indem. Corp. v.
23  Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

24      [5] Although the assigned Magistrate Judge in Michael Dean v. Springleaf Financial
    Services Inc., No. CIV-S-11-1758-JAM-KJN-PS, recommended that the complaint in that action
25  be dismissed on the alternative ground that it was duplicative of another action and thus
    frivolous, it does not appear that the assigned Magistrate Judge made a substantive finding of
26  frivolousness as to the merit of plaintiff's claims against defendant Springleaf.

1   Smith v. Phoenix Technologies Ltd., No. 11-CV-01479-LHK, 2011 WL 5444700, at *8 (N.D.

2   Cal. Nov. 9, 2011) ("As previously discussed, the Court finds Plaintiff's current complaint

3   frivolous because it alleges facts, such as economic losses in the tens of millions of dollars, that

4   are fanciful or clearly baseless.  However, this is the first court to make a substantive finding of

5   the frivolousness of Plaintiff's complaint based on a theory of strict products liability.  The Court

6   does not find this single finding of frivolousness sufficient justification for imposing the extreme

7   remedy of a pre-filing order."); cf. Shalaby v. Bernzomatic, Civil No. 11cv68 AJB (POR), 2011

8   WL 4024800, at *11 (S.D. Cal. Sept. 9, 2011) (declining to issue pre-filing order despite

9   plaintiff's "lengthy history").  But see Perry v. Veolia Transport, No. 11-CV-176-LAB-RBB,

10  2011 WL 4566449, at *10 (S.D. Cal. Sept. 30, 2011) ("The present complaint, as well as the

11  previous state court actions, illustrate not only that Perry's suits are frivolous, but that they form

12  a pattern of harassment.").  Accordingly, the undersigned declines to recommend the imposition

13  of a vexatious litigant order.  See Molski, 500 F.3d at 1065 n. 8 (noting that a district court is

14  under no obligation to issue a pre-filing order and "may exercise its sound discretion under the

15  facts presented to choose any appropriate sanction . . . .")

16          However, the undersigned will make a substantive finding of frivolousness as to

17  the complaint filed in this action.  Although the allegations found in plaintiff's complaint are

18  difficult to comprehend, it appears that defendant Springleaf's sole alleged transgression was

19  mailing plaintiff a notice with respect to the possibility of refinancing his mortgage.  Such

20  allegations lack an arguable basis in law, are indisputably meritless and are thus frivolous.  See

21  Neitzke, 490 U.S. at 325-27; Franklin, 745 F.2d at 1227-28.

22          The court also cautions plaintiff that the filing of a future action against defendant

23  Springleaf, or its employees, arising from the allegations at issue in this action, may result in an

24  order declaring him to be a vexatious litigant and subjecting him to pre-filing limitations in the

25  future.

26  /////

1    Accordingly, IT IS RECOMMENDED that:

2    1.  Plaintiff's December 20, 2011 application to proceed in forma pauperis (Doc.

3    No. 2) be denied;

4    2.  Plaintiff's December 20, 2011 complaint be dismissed without leave to amend;

5    3.  Defendant's January 10, 2012 motion to dismiss (Doc. No. 5) be denied as

6    having been rendered moot if these findings and recommendations are adopted;

7    4.  Defendant's January 10, 2012 motion for a vexatious litigant order (Doc. No.

8    5) be denied without prejudice; and

9    5.  This action be dismissed.

10    These findings and recommendations are submitted to the United States District

11    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

12    days after being served with these findings and recommendations, any party may file written

13    objections with the court and serve a copy on all parties.  Such a document should be captioned

14    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15    shall be served and filed within seven days after service of the objections.  The parties are

16    advised that failure to file objections within the specified time may waive the right to appeal the

17    District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18    DATED: July 25, 2012.

19

20    _____

21    DALE A. DROZD
      UNITED STATES MAGISTRATE JUDGE

22    DAD:6
      Ddad1\orders.pro se\dean3372.ifpden.f&rs
23

24

25

26

10